# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50869
_____

State of Texas,

        *Plaintiff—Appellant*,

versus

United States Department of Homeland Security; Alejandro Mayorkas, *Secretary, U.S. Department of Homeland Security*; United States Customs and Border Protection; United States Border Patrol; Troy Miller, *Acting Commissioner, U.S. Customs and Border Protection*; Jason Owens, *in his official capacity as Chief of the U.S. Border Patrol*; Juan Bernal, *in his official capacity as Acting Chief Patrol Agent, Del Rio Sector United States Border Patrol*,

        *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CV-55

_____

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

_____

[*] This order is unpublished pursuant to 5th Circuit Rule 47.5.

No. 23-50869

UNPUBLISHED ORDER

The panel holds this appeal in abeyance and remands to the district court for 60 days for the limited purpose of developing the factual record. The panel retains jurisdiction of the appeal. *See*, *e.g.*, *Tong v. Lumpkin*, No. 19-7008, 2024 WL 165191, at *2–3 (5th Cir. Jan. 16, 2024) (retaining jurisdiction and remanding for limited factual development); *Shrimpers & Fishermen of the RGV v. U.S. Army Corps of Eng'rs*, 849 F. App'x 459, 461–63 (5th Cir. 2021) (holding petition in abeyance to permit further factual development). Oral argument, currently scheduled for February 8, 2024, is canceled and will be rescheduled expeditiously after the district court proceedings are completed.

On December 19, 2023, a motions panel of our court granted Texas an injunction pending appeal "to prevent the United States Border Patrol from cutting, destroying, or otherwise interfering with concertina wire ('c-wire') Texas has constructed along more than 29 miles of municipal and private land in the Eagle Pass sector of our southern border." *State v. United States Dep't of Homeland Sec.*, 88 F.4th 1127, 1130 (5th Cir. 2023). Cutting or moving the c-wire was permitted to address emergencies. *Ibid.* The court subsequently granted the United States' motion for an expedited appeal and set argument for February 8, 2024. *Texas v. DHS*, No. 23-50869, ECF 74.

On January 2, 2024, the United States filed an emergency petition before the Supreme Court to vacate the motion panel's injunction. *See DHS v. Texas*, 23A607. The parties' briefing strenuously disputed various factual issues, many of which concerned matters arising after the motion panel's injunction.[1] On January 22, 2024, the Supreme Court vacated the injunction

---

[1] *Compare* United States Application to Vacate the Injunction Pending Appeal, *DHS v. Texas*, No. 23A607, at 11 (U.S. Jan. 2, 2024) *with* Texas's Response in Opposition to the United States's Application to Vacate the Injunction Pending Appeal, at 33 (U.S.

by a 5-4 ruling unaccompanied by written opinions. *DHS v. Texas*, 23A607, 2024 WL 222180 (Mem), at *1 (Jan. 22, 2024).

In light of those developments, the panel orders a limited remand to the district court for 60 days. The panel respectfully requests the district court to make additional fact findings concerning the matters contested by the parties and any other matters the district court deems relevant. The panel leaves the form of the proceedings to the district court's wise discretion.

Following those proceedings, the panel may request supplemental briefing and will reschedule oral argument in an expeditious manner to consider Texas's appeal.

Accordingly, we HOLD IN ABEYANCE the appeal in No. 23-50869 and REMAND to the district court for 60 days in order to develop the factual record as set forth in this order.

---

Jan. 9, 2024); *compare* United States's First Supplemental Memorandum, at 3–5 (U.S. Jan. 12, 2024) *with* Texas's Response to the United States's First Supplemental Memorandum, at 3–5 (U.S. Jan. 13, 2024); *compare* United States's Second Supplemental Memorandum, at 2–3 (U.S. Jan. 15, 2024) with Texas's Response to United States's Second Supplemental Memorandum, at 3–4 (U.S. Jan. 17, 2024).