

**U.S. Department of Justice**
Civil Division

Tel: 202-305-8648

February 29, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

RE:   *Texas v. United States Department of Homeland Security*, No. 23-50869

Dear Mr. Cayce:

The government respectfully responds to Texas's letter concerning *Department of Agriculture v. Kirtz*, No. 22-846 (U.S. Feb. 8, 2024).

In *Kirtz*, the Supreme Court held that the Fair Credit Reporting Act (FCRA) waives sovereign immunity for damages claims asserting violations of that federal statute. Contrary to Texas's suggestion that the Court "rejected" clear-statement rules, Letter 1 (citation omitted), *Kirtz* reiterated that "a waiver of sovereign immunity must be unmistakably clear in the language of the statute," *Kirtz*, slip op. 5 (quotation omitted). The Supreme Court then held that this standard was satisfied by FCRA's particular text, which is not at issue here.

This case does not involve an assertion that Congress waived immunity to suits under federal law, but rather Texas's contention that the APA waives the United States's immunity to suits under the law of every state. The government has explained that 5 U.S.C. § 702 does not apply to state-law claims at all, *see* DHS Br. 25-30, and that in particular, it does not waive immunity to state *tort* claims because the Federal Tort Claims Act (FTCA) "grants consent to suit" against the United States under state tort law and "expressly or impliedly forbids

the relief which is sought," 5 U.S.C. § 702; *see* DHS Br. 30-33. *Kirtz* involved neither § 702 nor state-law tort claims, and sheds no light on either.

      Texas suggests that *Kirtz* "rejected the idea that another federal statute" can "impliedly preclude[] waiver." Letter 1 (citation omitted). But while *Kirtz* applied a "strong presumption" that "federal statutes touching on the same topic" can "coexist harmoniously," *Kirtz*, slip op. 20 (quotation omitted), Congress departed from this presumption in § 702, expressly making it inapplicable where "any other statute that grants consent to suit expressly or impliedly forbids the relief" sought. 5 U.S.C. § 702. "Congress has dealt in particularity" with state-law tort claims and "intended a specified remedy" (damages), such that Texas "cannot use the APA to end-run" the limitations the FTCA imposes. *See Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 216 (2012) (quotation omitted).

Sincerely,

/s/ *Steven A. Myers*
Steven A. Myers

cc: all counsel (by ECF)