

Aaron L. Nielson
Solicitor General

Aaron.Nielson@oag.texas.gov
(512) 463-2100

April 5, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for The Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

  Re: No. 23-50869, *State of Texas v. U.S. Department of Homeland Security*

Dear Mr. Cayce:

  The State of Texas submits this letter in response to the Court's directive of April 1, 2024, to address whether expedited review is still warranted in light of the district court's supplemental findings. Texas submits that expedited review remains warranted because no injunction protects Texas's property rights.

  Texas sought injunctive relief to prevent Defendants from destroying Texas's property—specifically, Texas's wire fencing. The district court granted Texas a temporary restraining order (TRO) on October 30, 2023, but on November 29, 2023, declined to convert that TRO into a preliminary injunction because it believed there had not been a waiver of federal sovereign immunity. A motions panel of this Court, however, granted Texas's motion for an injunction pending appeal and Defendants' motion to expedite the appeal. According to Defendants' motion to expedite, "[t]he significance of the injunction's practical effects on federal law-enforcement officers' day-to-day conduct along the border alone

Letter to Mr. Cayce, Clerk
April 5, 2024
Page 2

warrants expedition." Fed. Gov. Mot. to Expedite Appeal, ECF 53, at 5 (5th Cir. Dec. 21, 2023).

Defendants applied to the U.S. Supreme Court for emergency vacatur of this Court's injunction pending appeal. They told the Supreme Court that the injunction "has serious on-the-ground consequences" and "each day the injunction remains in place, it interferes with Border Patrol's access to the border and migrants congregating there and compounds the risk that agents will be hindered in carrying out their duties …." Application to Vacate the Injunction Pending Appeal Entered by the U.S. Court of Appeals for the Fifth Circuit, *DHS v. Texas*, No. 23A607, at 5, 37 (U.S. Jan. 2, 2024). Following Defendants' submission of two supplemental filings regarding events at Shelby Park—one with a highly charged and even then hotly disputed suggestion that Texas was to blame for a tragic drowning on January 12, 2024—the U.S. Supreme Court vacated the injunction pending appeal. This Court's merits panel thereafter held this appeal in abeyance and remanded to the district court for "additional fact findings concerning the matters contested by the parties" in the Supreme Court and for "any other matters the district court deems relevant." ECF 117 at 3.

The district court's supplemental findings make several points clear, including:

- "No CBP officer raised the issue" of boat-ramp access when Texas took possession of Shelby Park and Defendants have not identified any "emergency river operations that were unsuccessful because" of a lack of such access, Supplemental Findings of Fact, *Texas v. DHS*, No. 2:23-cv-55, ECF 98, at 11, 14 (W.D. Tex. Mar. 26, 2024);

- Regardless, Texas restored full boat-ramp access at Shelby Park within 48 hours and Defendants have since continuously had such access, *id.* at 13-14;

- Not only had any emergency on January 12 "concluded about one hour and a half before Border Patrol agents arrived" at Shelby Park, but federal officials "did not respond with the anticipated haste of an emergency" and were "not fully prepared to respond to an emergency," *id.* at 17-18, 20;

- Since the district court's entry of a TRO, "the Defendants have not cut or attempted to cut any wire barriers in the Eagle Pass area," *id.* at 25.

These supplemental findings—along with uncontradicted testimony from their witnesses at the remand hearing—cast considerable doubt on Defendants' contentions that an injunction will impair legitimate federal operations. They do not, however, suggest that expedited relief is no longer warranted. Because Defendants do not disclaim any putative authority to again destroy Texas's fencing even where no medical emergency exists, Texas's property rights remain at risk. Put differently, if Defendants at any time resume destroying Texas's property, they will not be subject to contempt proceedings for violating a court order. The importance of such protection is why Texas promptly sought a TRO and a preliminary injunction.

In fact, the district court's supplemental findings demonstrate why expedited review is especially warranted. As detailed above, Defendants say they must be able to destroy Texas's property to engage in their "day-to-day conduct" and to prevent "serious on-the-ground consequences." That Defendants "have not cut or attempted to cut any wire barriers in the Eagle Pass area" in the two-and-a-half months since the Supreme Court vacated this Court's injunction,

Letter to Mr. Cayce, Clerk
April 5, 2024
Page 4

however, confirms that they can operate without destroying Texas's property. This fact further demonstrates that Texas is entitled to injunctive relief.

Contemporaneously with this letter, Texas has filed a Motion to Supplement the Record on Appeal asking this Court to direct the clerk of the district court to promptly prepare a supplemental record of proceedings, including the district court's findings of fact, the full transcripts of hearing proceedings, and any exhibits entered into evidence. Upon receipt of that supplemental record, Texas respectfully urges the Court to schedule any supplemental briefing or oral argument expeditiously.

Respectfully submitted,

/s/ Aaron L. Nielson
Aaron L. Nielson
*Counsel for the State of Texas*

cc: All counsel of record (via CM/ECF)