No. 23-50869

# In the United States Court of Appeals for the Fifth Circuit

State of Texas,

*Plaintiff-Appellant,*

v.

United States Department of Homeland Security; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; United States Customs and Border Protection; United States Border Patrol; Troy Miller, Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection; Jason Owens, in his official capacity as Chief of the U.S. Border Patrol; Robert Danley, in his official capacity as Chief Patrol Agent, Del Rio Sector, United States Border Patrol,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Western District of Texas, Del Rio Division

## APPELLANT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Pursuant to Federal Rule of Appellate Procedure 10(e)(2) and Fifth Circuit Rule 27.1.11, Appellant the State of Texas respectfully requests that the Court direct the clerk of the district court to prepare a supplemental record of proceedings arising from this Court's remand order dated January 26, 2024. ECF 117.

**1.** On January 26, 2024, this Court held appellate proceedings in abeyance and remanded to the district court "for 60 days for the limited purpose of developing

the factual record." *Id.* at 2. The Court's order instructed the district court "to make additional fact findings concerning the matters contested by the parties and any other matters the district court deems relevant." *Id.* at 3. The order also noted that "[f]ollowing those proceedings, the panel may request supplemental briefing and will reschedule oral argument in an expeditious manner." *Id.*

2. Texas notified the district court of this Court's limited remand order. *See Texas v. DHS*, No. 2:23-cv-55 (W.D. Tex. Jan. 28, 2024), ECF 77. The district court scheduled a two-day evidentiary hearing and ordered the parties to provide new document production for *ex parte* and *in camera* review. *See id.*, ECF 78 (Jan. 29, 2024); *id.* ECF 82 (Feb. 7, 2024). The parties submitted a joint brief, *id.* ECF 83 (Feb. 15, 2024), and the hearing was held on March 4–5, *id.* ECF 91-92. A final transcript is not yet available,[1] but eight witnesses testified at the hearing, and the parties entered numerous photographic, video, and documentary exhibits into evidence.

3. Under examination, Defendants' representatives told a markedly different story from what they had previously suggested in public statements, court pleadings, and correspondence to Texas. *Id.*, ECF 77 at 3-4 (collecting Defendants' statements on January 13, 14, 15, and 18); Attachment A (additional statements admitted into evidence on remand). For example, Robert Danley, the Lead Field Coordinator for

---

[1] After the hearing concluded, both sides requested a copy of the hearing transcript. *See* ECF 90, 95. On April 3 and April 4, the court reporter provided preliminary drafts of a portion of the hearing transcript. The full and final transcript is forthcoming.

the U.S. Customs and Border Protection ("CBP") Del Rio Sector, had declared in the Supreme Court that he had some "personal knowledge" of the details of events happening at Shelby Park between January 10 and January 15, 2024. *E.g.*, Suppl. Mem. Regarding Emergency Appl. to Vacate the Inj. Pending Appeal, First Decl. of Robert Danley ¶5, *DHS v. Texas*, No. 23A607 (U.S. Jan. 12, 2024); Second Suppl. Mem. Regarding Emergency Appl. to Vacate the Inj. Pending Appeal, Second Decl. of Robert Danley ¶4, *DHS v. Texas*, No. 23A607 (U.S. Jan. 15, 2024). At the hearing, however, he admitted he was roughly 1,500 miles away in Detroit, Michigan, during that period. *See* Attachment B (excerpt from draft March 4 hearing transcript). Moreover, internal documents established that federal personnel knew by no later than 7:00 PM on January 13 that Texas had *not* "denied federal agents access to a stretch of border when they were trying to rescue three migrants who drowned" on January 12. *Compare* Associated Press, *US Says Texas Blocked Border Agents from Entering Park to Try to Save 3 Migrants Who Drowned*, POLITICO (Jan. 14, 2024, 10:20 AM), https://www.politico.com/news/2024/01/14/texas-border-agents-migrants-drowned-00135518, *with* Attachment C (excerpt from draft March 4 hearing transcript).

4. On March 26, 2024, the district court issued the findings of fact requested by this Court. ECF 98. Among other things, the district court found that "[n]o CBP officer raised the issue" of boat-ramp access when Texas personnel took possession of Shelby Park and that Defendants have not identified any "emergency river operations that were unsuccessful because" of a lack of such access, which access, in all events, was restored within less than 48 hours. *Id.* at 11, 14. Further, not only

3

had any emergency on January 12 "concluded about one hour and a half before Border Patrol agents arrived" at Shelby Park, but federal officials "did not respond with the anticipated haste of an emergency" and were "not fully prepared to respond to an emergency." *Id.* at 17-18, 20. The district court further documented that Defendants had river access from "[t]wo other boat ramps [that] exist nearby," *id.* at 13, and that Defendants' complaints regarding visibility had been partially addressed "within hours or days," *id.* at 10 n.7, 13. Finally, despite insisting to the Supreme Court that they needed immediate and extraordinary relief to destroy Texas's property, "[s]ince this Court's initial TRO, the Defendants have not cut or attempted to cut any wire barriers in the Eagle Pass area." *Id.* at 25.

5.　On March 28, 2024, counsel for the State of Texas conferred with counsel for Defendants on this Motion pursuant to Fifth Circuit Rule 27.4. Counsel for Defendants indicated that they "take no position" on it.

## Conclusion

The Court should grant this Motion and instruct the clerk of the district court to promptly supplement the record on appeal to include the district court's findings of fact, the full transcripts of hearing proceedings, and any exhibits entered into evidence.

| | |
|---|---|
| Date: April 5, 2024 | Respectfully submitted. |
| Ken Paxton<br>Attorney General of Texas | /s/ Aaron L. Nielson<br>Aaron L. Nielson<br>Solicitor General<br>Aaron.Nielson@oag.texas.gov |
| Brent Webster<br>First Assistant Attorney General | |
| | Lanora C. Pettit<br>Principal Deputy Solicitor General |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | J. Andrew Mackenzie<br>Assistant Attorney General<br>Counsel for Plaintiff-Appellant |

## Certificate of Conference

On March 28, 2024, the parties conferred regarding this motion, and counsel for Appellees take no position on the relief requested.

/s/ Aaron L. Nielson
Aaron L. Nielson

## Certificate of Service

On April 5, 2024, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Aaron L. Nielson
Aaron L. Nielson

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 840 words, excluding exempted text; and (2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Aaron L. Nielson
Aaron L. Nielson