

U.S. Department of Justice
Civil Division

Tel: 202-305-8648

June 5, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

RE: *Texas v. United States Department of Homeland Security*, No. 23-50869

Dear Mr. Cayce:

The government responds to Texas's letter addressing certain executive actions announced on June 4, 2024. *See* The White House, A Proclamation on Securing The Border (Tex. Ex. B); Dep'ts of Homeland Sec. & Justice, Interim Final Rule, Securing the Border (Tex. Ex. D).

As the government explained in its principal brief, it cannot force migrants present in the United States back across the Mexican border without immigration processing. *See* DHS Br. 20-21. Officials must instead process such migrants in compliance with federal immigration law, including by entertaining any application for asylum. *See* 8 U.S.C. § 1158. The district court's belief that Border Patrol could forcibly "turn migrants … back across the border into Mexico," ROA.950, was erroneous.

The actions announced yesterday do not suggest otherwise. The "Proclamation itself does not and cannot affect noncitizens' right to apply for asylum, eligibility for asylum, or asylum procedures." Interim Final Rule at 48.[1]

---

[1] Because the interim final rule as posted for public inspection is not paginated, we cite to the ECF pagination of Texas's combined filing.

The interim final rule, meanwhile, "establishes a limitation on asylum eligibility that applies to certain individuals who enter during emergency border circumstances and revises certain procedures applicable to the expedited removal process to more swiftly apply consequences for irregular migration and remove noncitizens who do not have a legal basis to remain in the United States." *Id.* at 43-44 (footnote omitted); *see also id.* at 51-52, 89-90. The actions thus impose certain limitations on *eligibility* for asylum and change certain expedited removal procedures. They do not change the fact that noncitizens who have entered the country have a statutory right under 8 U.S.C. § 1158 to *apply* for asylum.

Three points thus bear emphasis. First, the district court's belief that federal officials could force migrants back across the border without immigration processing remains wrong. Second, whatever Border Patrol's authorities, it cannot exercise them when layers of concertina wire stand between Border Patrol and migrants on American soil. Finally, the actions announced yesterday further confirm the federal government's commitment to vigorously enforcing federal immigration law.

Sincerely,

/s/ *Steven A. Myers*
Steven A. Myers

cc: all counsel (by ECF)