No. 23-50869

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS,

*Plaintiff-Appellant,*

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

*Defendants-Appellees.*

**UNOPPOSED MOTION FOR 30-DAY EXTENSION OF TIME TO FILE ANY PETITION FOR REHEARING OR REHEARING EN BANC**

Defendants-appellees respectfully move for a 30-day extension of time, through and including February 12, 2025, within which to file any petition for panel rehearing or rehearing en banc. Good cause exists for the reasons set forth below. Plaintiff does not oppose the requested relief.

1. As the Court is aware, this case concerns concertina wire fencing that Texas has installed along the banks of the Rio Grande near Eagle Pass, Texas. Defendants have sometimes disturbed this fencing while performing their functions under federal immigration law, and Texas has contended that such actions violate Texas state tort law and the Administrative Procedure Act. The principal question on appeal is whether federal law enforcement officers may properly be enjoined from disturbing Texas's fencing under Texas state tort law.

2. On November 27, 2024, this Court entered an opinion and judgment holding, over a dissent, that Texas was entitled to such an injunction. Any petition for

panel rehearing or rehearing en banc is therefore due January 13, 2025. *See* Fed. R. App. P. 40(d)(1); *see also id.* 26(a)(1)(C). No previous extension of this deadline has been sought.

3.　　The Solicitor General is responsible for determining whether the government should seek rehearing. *See* 28 C.F.R. § 0.20(b) (directing the Solicitor General to "[d]etermin[e] whether, and to what extent, appeals will be taken by the Government to all appellate courts (including petitions for rehearing en banc . . . )"). The requested extension of time is necessary to permit adequate time for consultation among the components of the government affected by the Court's decision and to permit preparation of a petition if authorized by the Solicitor General. The requested extension would also afford the incoming administration additional time to familiarize itself with this litigation and evaluate whether to pursue further review.

For the foregoing reasons, the Court should grant the defendants-appellees a 30-day extension, through and including February 12, 2025, within which to file any petition for panel rehearing or rehearing en banc.

Respectfully submitted,

MELISSA N. PATTERSON
　/s/ Steven A. Myers
STEVEN A. MYERS
　*Attorneys, Appellate Staff*
　*Civil Division*
　*U.S. Department of Justice*
　*950 Pennsylvania Ave., NW*
　*Washington, DC 20530*
　*202-305-8648*

Dated: January 6, 2025

2

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-point Garamond, a proportionally spaced font. I further certify that this response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 328 words according to the count of Microsoft Word.

*/s/ Steven A. Myers*
STEVEN A. MYERS
Counsel for Appellees

## CERTIFICATE OF SERVICE

I hereby certify that, on January 6, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are CM/ECF users and that service will be accomplished by using the appellate CM/ECF system.

*/s/ Steven A. Myers*
STEVEN A. MYERS
Counsel for Appellees
