# United States Court of Appeals for the Fifth Circuit

Certified as a true copy and issued as the mandate on Mar 17, 2025

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 23-50869

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2024

Lyle W. Cayce
Clerk

STATE OF TEXAS,

*Plaintiff—Appellant*,

versus

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, *Secretary, U.S. Department of Homeland Security*; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; TROY MILLER, *Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection*; JASON OWENS, *in his official capacity as Chief of the U.S. Border Patrol*; ROBERT DANLEY, *in his official capacity as Chief Patrol Agent, Del Rio Sector, United States Border Patrol*,

*Defendants—Appellees.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CV-55

_____

Before WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is REVERSED, and we GRANT Texas's request for a preliminary injunction. Based on the district court's supplemental fact findings concerning intervening events in Shelby Park, however, we modify the preliminary injunction as follows.

Defendants are ENJOINED from damaging, destroying, or otherwise interfering with Texas's c-wire fence in the vicinity of Eagle Pass, Texas, as indicated in Texas's complaint, in instances where Defendants have the necessary access to both sides of Texas's c-wire for immigration law enforcement and emergency purposes. That access must include the land side of the c-wire fence along the international border within Shelby Park.

IT IS FURTHER ORDERED that each party to bear own costs on appeal to be taxed by the Clerk of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.